IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIRAG, S.R.L., a foreign corporation, | : | Civil Action No.: |
| | : | |
| Plaintiff, | : | **COMPLAINT FOR DAMAGES** |
| | : | **AND INJUNCTIVE RELIEF** |
| v. | : | |
| | : | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC and SONY COMPUTER ENTERTAINMENT, INC., | : : : | |
| | : | |
| Defendants. | : | |

Plaintiff VIRAG S.R.L. ("VIRAG"), for its Complaint, alleges as follows:

1.  VIRAG markets and sells flooring throughout the world, and has invested significant sums to build up its reputation and brand recognition. Beginning in 2004, VIRAG agreed to be a sponsor for the Rally of Monza (the "Rally of Monza") at the Autodromo Nazionale Monza, a track located in Monza, Italy, just north of Milan, where the Formula One Italian Grand Prix has been held since 1948 (the "Monza Track"). As part of the sponsorship VIRAG's mark was displayed on a bridge over the track, and has been so displayed on the Monza track for each Rally of Monza race since 2006. VIRAG has also sponsored a car for Mirco Virag that has competed in the Rally of Monza. Below is a photo of the VIRAG® mark displayed at the Monza Track.


2. Defendants Sony Computer Entertainment America LLC and Sony Computer Entertainment, Inc., through its division, Sony Computer Entertainment World Wide Studios, have developed, produced and/or distributed a series of games under the name "Gran Turismo" for use in Defendants' game system, "Sony PlayStation." Gran Turismo is a race car driving simulation game that has sold over 70 million copies since 1998. In December 2010, Gran Turismo 5 was released, and that edition includes a simulated version of the Monza Track.

3. With the release of the fifth edition of "Gran Turismo 5," in 2010, Defendants displayed the VIRAG® mark on a simulation of the bridge from the Monza Track. Defendants continued to similarly display the VIRAG® mark in Gran Turismo 6, released in December 2013. A screen shot showing the VIRAG® mark in both Gran Turismo 5 and Gran Turismo 6 is below:



4. Defendants did not seek nor obtain VIRAG's permission to display VIRAG's mark in either Gran Turismo 5 or Gran Turismo 6.

5. In 2013, VIRAG sent a letter to a Sony Corporation subsidiary in Italy that distributes Gran Turismo games, demanding that Sony cease and desist from manufacturing, selling, or distributing Gran Turismo 5 or Gran Turismo 6. VIRAG received no response to its cease and desist letter.

**GENERAL ALLEGATIONS**

**I.   Parties**

6. VIRAG is an Italian company, organized under the Italian Civil Code as a Società a Responsabilità Limitata (S.R.L.), an Italian limited liability company. None of the members or shareholders of VIRAG are U.S. citizens or are persons legally admitted for the purpose of becoming permanent residents of the U.S.

3

7. According to its website, Sony Computer Entertainment America LLC ("SCEA") is a Delaware limited liability company with its principal place of business in San Mateo, California. SCEA is the manufacturer and distributor of the very popular Sony Playstation gaming systems. (http://us.playstation.com).

8. According to its website, Sony Computer Entertainment Worldwide Studios (SCE WWS), is a division of Sony Computer Entertainment, Inc., and coordinates the development of video games for the Sony Playstation, including the video game, "Gran Turismo." (www.worldwidestudios.net). SCE WWS has several offices throughout the United States.

## II. Jurisdiction and Venue

9. This Court has jurisdiction over SCEA because SCEA has marketed and sold the Sony Playstation and its Gran Turismo game throughout the United States, including in this district.

10. This Court has jurisdiction over SCEI because its division, SCE WWS, oversaw the development of the Gran Turismo game that was distributed and sold throughout the United States, including in this district.

11. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367(a).

12. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d).

## III. Facts Common to All Causes of Action

13. Plaintiff VIRAG has devoted significant time and resources to establish and promote the VIRAG® mark throughout the world.

14. Through VIRAG's efforts, the VIRAG® mark has become well-known in the flooring industry.

4

40000/0589-10851025v1

15. VIRAG® is a distinctive mark, and is registered with the U.S. Patent and Trademark Office as Reg. No. 4427060. VIRAG S.R.L. is a 50 year old organization that is based in Milan, Italy, and has become a recognized leader in flooring products world wide.

16. In addition, through its sponsorship at the Monza Track, VIRAG® has become affiliated with the Rally of Monza and the Monza Track in the minds of the public.

17. VIRAG carefully controls the use of the VIRAG® mark to insure that VIRAG is not associated with any companies or products that would adversely impact VIRAG's reputation among the buying public.

18. Sony has offered the Gran Turismo game as part of the Sony PlayStation since 1998.

19. To date, over 70,000,000 copies of Gran Turismo games have been sold world-wide.

20. In the course of designing Gran Turismo 5, Defendants chose to include the VIRAG® mark in the simulation for the Monza Track. A screen shot showing the VIRAG mark displayed in the Gran Turismo 5 game is below:



21.     Defendant SCEA distributed the Gran Turismo 5 game globally, including throughout the United States and North America.

22.     Over 10.89 million copies of Gran Turismo 5 have been sold.

23.     Defendants continued the unauthorized use of the VIRAG® mark in its Gran Turismo 6 game that was released in December 2013. To date, over 2.37 million copies of Gran Turismo 6 have been sold. A screen shot of the VIRAG® mark displayed in the Gran Turismo 6 game is below:

6



24.     Defendants specifically chose to exclude from Gran Turismo 5 and 6 certain other marks that appeared at the Monza Track.

25.     On information and belief, Defendants obtained licenses and/or authorization from other trademark holders to use their marks in Gran Turismo 5 and/or 6.

## FIRST CAUSE OF ACTION
## VIOLATION OF RIGHT OF PUBLICITY

26.     VIRAG refers to and incorporates herein paragraphs 1 through 25 as though fully set forth herein.

27.     VIRAG has a right to control the use of its name, likeness, and the goodwill associated therewith.

28.     VIRAG never authorized Defendants to use VIRAG's name or the VIRAG® mark.

29.     Defendants intentionally used VIRAG's name and the VIRAG® mark in Gran Turismo 5 and Gran Turismo 6.

7

30. Defendants have received millions of dollars in revenue as a result of the sale of Gran Turismo 5 and Gran Turismo 6.

WHEREFORE, VIRAG prays for judgment against the Defendants as follows:

A. Entry of a preliminary and permanent injunction barring Defendants from using VIRAG's name or the VIRAG® mark without VIRAG's authorization;

B. Judgment in an amount to be proven at trial, in excess of One Million Dollars ($1,000,000.00), as payment of a reasonable royalty for the unauthorized use of VIRAG's name and mark;

C. Punitive damages, including the recovery of reasonable attorneys' fees; and

D. Such other relief as determined by the evidence.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

31. VIRAG refers to and incorporates herein paragraphs 1 through 25 as though fully set forth herein.

32. VIRAG® is a registered trademark with the U.S. Patent & Trademark Office, Registration No. 4427060. A copy of the VIRAG® mark registration is attached as Exhibit 1.

33. In addition, VIRAG sought and obtained Registration No. 3462406 for the "e Evolution VIRAG®" mark in 2005. A copy of the "e Evolution VIRAG® mark registration is attached as Exhibit 2.

34. Defendants' unauthorized use of the VIRAG® mark has adversely impacted VIRAG and created a false association between VIRAG, Defendants and Defendants' products.

35. Defendants' unauthorized use of the VIRAG® mark will likely cause confusion among consumers as to the source and or sponsorship of Defendants' Gran Turismo video games.

36. Defendants' use of the VIRAG® mark has no artistic relevance to the Gran Turismo game.

37. On information and belief, Defendants intentionally included the VIRAG® mark to create a false impression of sponsorship or authorization between VIRAG and Defendants.

38. VIRAG is entitled to statutory damages as a result of Defendants' knowing infringement of the VIRAG® mark.

WHEREFORE, VIRAG prays for judgment against the Defendants as follows:

A. Entry of a preliminary and permanent injunction barring Defendants from using VIRAG's name or the VIRAG® mark without VIRAG's authorization;

B. Judgment in an amount to be proven at trial, in excess of One Million Dollars ($1,000,000.00);

C. Interest on the amount of damages;

D. Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), Defendants be required to pay to VIRAG the damages for Defendants' unauthorized use of VIRAG's name and the VIRAG ® mark, and, based on the egregious nature of Defendants' conduct, such damages be trebled in accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b).

E. Defendants be required to pay to VIRAG® both the costs of this action and, in accordance with §§ 35(a) and 35(b) of the Federal Trademark Act, 15 U.S.C. §§ 1117(a) and 1117(b), respectively, its reasonable attorneys' fees.

F. Such other relief as determined by the evidence.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION (15 U.S.C. §1125(a))

39. VIRAG refers to and incorporates herein paragraphs 1 through 25 as though fully set forth herein.

40. Defendants have used the VIRAG® mark in commerce to sell Defendants' products.

41. Defendants' use of the VIRAG® mark has no artistic relevance to the Gran Turismo game.

42. Defendants' use of the VIRAG® mark constitutes a false designation of origin, and/or a false description or designation of Defendants' Gran Turismo video games.

43. On information and belief, Defendants intentionally included the VIRAG® mark to create a false impression of sponsorship or authorization between VIRAG and Defendants.

44. VIRAG is entitled to statutory damages as a result of Defendants' knowing infringement of the VIRAG® mark.

WHEREFORE, VIRAG prays for judgment against the Defendants as follows:

A. Entry of a preliminary and permanent injunction barring Defendants from using VIRAG's name or the VIRAG® mark without VIRAG's authorization;

B. Judgment in an amount to be proven at trial, in excess of One Million Dollars ($1,000,000.00);

C. Interest on the amount of damages;

D. Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), Defendants be required to pay to VIRAG the damages for Defendants' unauthorized use of VIRAG's name and the VIRAG ® mark, and, based on the egregious nature of Defendants' conduct, such damages be trebled in accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b).

E. Defendants be required to pay to VIRAG® both the costs of this action and, in accordance with §§ 35(a) and 35(b) of the Federal Trademark Act, 15 U.S.C. §§ 1117(a) and 1117(b), respectively, its reasonable attorneys' fees.

F. Such other relief as determined by the evidence.

## FOURTH CAUSE OF ACTION
## TRADEMARK DILUTION (15 U.S.C. §1125(c))

45. VIRAG refers to and incorporates herein paragraphs 1 through 25 as though fully set forth herein.

46. The VIRAG® mark is famous and/or distinctive.

47. Defendants have used the VIRAG® mark in commerce to sell the Gran Turismo video games.

48. Defendants' use of the VIRAG® mark in the Gran Turismo video games dilutes, or is likely to dilute the strength of the VIRAG® mark, or otherwise affects the capability of the VIRAG® mark to act as the identifier of VIRAG's products.

49. Defendants' unauthorized use of the VIRAG® mark tarnishes, or is likely to tarnish, the image of the VIRAG® mark.

50. Defendants' unauthorized use of the VIRAG® mark has injured, or is likely to injure the reputation of the VIRAG® mark.

51. Defendants' unauthorized use of the VIRAG® mark has caused actual economic harm to the selling power and economic value of the VIRAG® mark.

52. VIRAG is entitled to statutory damages as a result of Defendants' knowing dilution of the VIRAG® mark.

WHEREFORE, VIRAG prays for judgment against the Defendants as follows:

11

  A. Entry of a preliminary and permanent injunction barring Defendants from using VIRAG's name or the VIRAG® mark without VIRAG's authorization;

  B. Judgment in an amount to be proven at trial, in excess of One Million Dollars ($1,000,000.00);

  C. Interest on the amount of damages;

  D. Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), Defendants be required to pay to VIRAG the damages for Defendants' unauthorized use of VIRAG's name and the VIRAG ® mark, and, based on the egregious nature of Defendants' conduct, such damages be trebled in accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b).

  E. Defendants be required to pay to VIRAG® both the costs of this action and, in accordance with §§ 35(a) and 35(b) of the Federal Trademark Act, 15 U.S.C. §§ 1117(a) and 1117(b), respectively, its reasonable attorneys' fees.

  F. Such other relief as determined by the evidence.

## Jury Demand

VIRAG hereby demands trial by jury.

Dated: July 31, 2014

40000/0589-10851025v1

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.


By:  *s/James T. Kim*
Leo V. Leyva, Esq.
James T. Kim, Esq.
25 Main Street – Court Plaza North
Hackensack, New Jersey 07601
(201) 489-3000
lleyva@coleschotz.com
jkim@coleschotz.com


*Counsel for VIRAG S.R.L.*


Co-Counsel:
Thomas J. Verticchio, Esq.
Christopher T. Sheean, Esq.
Steven L. Vanderporten, Esq.
Swanson, Martin & Bell, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
Fax: (312) 321-0990
tverticchio@smbtrials.com
csheean@smbtrials.com
svanderporten@smbtrials.com
*pro hac applications to be filed*